IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BEKKAH GEORGENE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-09-33 |
| | § | |
| ARANSAS COUNTY, TEXAS; ARANSAS | § | |
| COUNTY SHERIFF MARK GILLIAM; | § | |
| DEPUTY SHERIFF ANTHONY | § | |
| CIARLETTA; and DEPUTY SHERIFF | § | |
| SERGEANT POWELL, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants' Rule 12 Motion to Dismiss Based on Immunity, or Alternatively, Motion for a Rule 7 Reply and Motion to Stay Discovery (Dkt. No. 5) ("the first motion") and Defendant Anthony Ciarletta's Rule 12 Motion to Dismiss Based on Immunity, or Alternatively, Motion for a Rule 7 Reply and Motion to Stay Discovery (Dkt. No. 11) ("the second motion"). Plaintiff has responded to each motion. (Dkt. Nos. 13, 16.) Having considered the motions, the responses, and the applicable law, the Court finds that the motions should be GRANTED to the extent described below.

**Background**

This is a 42 U.S.C. § 1983 action brought by Bekkah Georgene Jones ("Plaintiff") against Aransas County, Texas ("the County"), the sheriff of the County, Mark Gilliam, and two deputy sheriffs, Anthony Ciarletta ("Ciarletta") and Stan Powell ("Powell"). Plaintiff claims that the deputies conspired with her neighbors to trump up false charges of disorderly conduct against her. Plaintiff was eventually tried on those charges and acquitted.

Plaintiff also claims that Powell assaulted her. Specifically, she alleges that Powell came to her house and "told Plaintiff she had to sign two tickets involving charges filed against her." (Dkt. No. 3 ¶ 16.) After what was apparently some time in conversation, Plaintiff "stepped down from inside her residence," at which point Powell "shoved Plaintiff to the side and threatened to put her on the ground and cuff her." (*Id.* ¶ 17.)

Defendants have asked the Court to dismiss the case. In the alternative, they would have the Court order Plaintiff to respond with particularlity to their claims of qualified immunity.

## Applicable Law

### 1. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in her favor. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957) 'no set

of facts' standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.*; *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

### 2. Qualified Immunity

The qualified immunity doctrine provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Accordingly, Fifth Circuit courts engage in a two-step process when examining qualified immunity defenses. The first step of the evaluation is whether the plaintiff has alleged a violation of a clearly established constitutional or statutory right. *See Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004); *King v. Chide*, 974 F.2d 653, 657 (5th Cir. 1992). The next step is to determine the reasonableness of the defendant's alleged behavior. *Id.* Claims arising under section 1983 must establish that the alleged constitutional deprivation was intentional or due to deliberate indifference and not merely the result of negligence. *See Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994); *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992).

### 3. Municipal Liability

Under section 1983, a county may be held liable only for constitutional violations resulting from policy or custom. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). There is no respondeat superior liability under section 1983. *Id.* Thus, to state a section 1983 claim against a municipality, Plaintiff must allege that "1) a policy or custom existed; 2) the governmental policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred [by a person acting under the color of state law]; and 4) the custom or policy

served as the moving force behind the violation." *Meadowbriar Home for Children v. G.B. Gunn*, 81 F.3d 521, 532-33 (5th Cir.1996). Plaintiff must also assert that the municipality's inadequate policy or custom was adopted with deliberate indifference to the constitutional rights of its citizens. *City of Canton v. Harris*, 489 U.S. 378, 387-91 (1989).

## Discussion

### 1. The County

First, as to the County, Plaintiff has alleged no facts regarding any type of policy or custom. Plaintiff's core set of allegations goes to a conspiracy between the two deputies and Plaintiff's neighbors. The complaint nowhere mentions a policy of bringing false charges, or a custom of doing so. Thus, the part of the first motion asking that the claims against the County be dismissed should be granted.

### 2. Powell

Powell and Ciarletta both claim that their qualified immunity from suit protects them in this case. To overcome that qualified immunity, Plaintiff must allege a violation of a clearly established constitutional right. Plaintiff's complaint cites the first, fourth, and fourteenth amendments to the Constitution. The complaint does not elaborate exactly what parts of these amendments Plaintiff relies on or what rights she claims have been infringed beyond a vague reference to Plaintiff's "freedom of association and liberty." (Dkt. No. 3 ¶ 33.)

Plaintiff's response to the first motion appears to argue a fourth amendment excessive force claim against Powell, presumably because he shoved Plaintiff at her residence. The elements of an excessive use of force claim are that the Plaintiff has suffered "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the forced used was objectively unreasonable." *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). Plaintiff's complaint does not plead facts that satisfy these elements. The only description of injury in her

4

complaint is in the 19th paragraph, where she states that she "has been forced to seek medical attention," which she traces back to "the harrassment and contrived claims . . . ." (Dkt. No. 3 ¶ 19.) Plaintiff makes no mention of the physical contact with Powell having actually caused her any injury.  The Fifth Circuit has made clear that it will not "permit a cause of action for every contact between a citizen and a police officer . . . ." *Williams*, 180 F.3d at 703 (citing *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)).

Plaintiff's other claim against Powell appears to boil down to a conspiracy to maliciously prosecute her. However, in the Fifth Circuit, no free-standing cause of action for malicious prosecution exists.  If Plaintiff wishes to sue under section 1983 for malicious prosecution, she must tie her claim to some recognized constitutional right, such as an illegal seizure or due process violations.  *See Castellano v. Fragozo*, 352 F.3d 939, 953-54 (5th Cir. 2003) ("The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection . . . .  Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983.  Regardless, they are not claims for malicious prosecution . . . ."). Thus, as to Powell, Plaintiff has not stated a claim on which relief can be granted.

**3. Ciarletta**

As to Ciarletta, Plaintiff's only claim appears to be the same one for malicious prosecution as she brings against Powell, which suffers from the same problem discussed immediately above. Plaintiff's response to the motion concerning Ciarletta essentially rehashes and tries to clarify the facts pled in her complaint, but it does not make any attempt to tie those facts to any law.  Case citations and discussions of the constitution and the actual rights it affords Plaintiff are notably absent from Plaintiff's briefing.  Plaintff has failed to identify a clearly established constitutional right that Ciarletta violated.  Dismissal of the claims against Ciarletta is warranted.

5

**Leave to Amend**

Plaintiff desires leave to amend her complaint. Leave to amend should be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). The Court believes that Plaintiff should have an opportunity to amend her complaint to address the problems discussed herein.

**Conclusion**

For the foregoing reasons, Defendants' Rule 12 Motion to Dismiss Based on Immunity, or Alternatively, Motion for a Rule 7 Reply and Motion to Stay Discovery (Dkt. No. 5) is GRANTED and Defendant Anthony Ciarletta's Rule 12 Motion to Dismiss Based on Immunity, or Alternatively, Motion for a Rule 7 Reply and Motion to Stay Discovery (Dkt. No. 11) is GRANTED. Plaintiff shall file an amended complaint within TWENTY (20) DAYS of this order.

It is so ORDERED.

Signed this 30th day of September, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE