IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **BEKKAH GEORGENE JONES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-09-33 |
| | § | |
| **DEPUTY SHERIFF ANTHONY** | § | |
| **CIARLETTA and DEPUTY SHERIFF** | § | |
| **SERGEANT POWELL,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Anthony Ciarletta's and Stan Powell's First Amended Motion to Dismiss Based on Immunity. (Dkt. No. 19.) Plaintiff has responded. (Dkt. No. 20.) Having considered the motion, the response, and the relevant law, the Court finds that the motion should be GRANTED in part and DENIED in part.

**Background**

This is a 42 U.S.C. § 1983 action brought by Bekkah Georgene Jones ("Plaintiff") against two Aransas County Sheriff's Deputies, Anthony Ciarletta ("Ciarletta") and Stan Powell ("Powell"). Plaintiff claims that the deputies refused to investigate her complaints against her neighbors and conspired with those neighbors to trump up false charges of disorderly conduct against her. Plaintiff was eventually tried on those charges and acquitted.

Plaintiff also claims that Powell assaulted her. Specifically, she alleges that Powell came to her house and "told Plaintiff she had to sign two tickets involving charges filed against her." (Dkt. No. 18, ¶ 16.) Plaintiff refused to sign the tickets because Powell would not tell her what they were

1

about. (*Id.* ¶ 17.) Powell became angry and shoved Plaintiff without provocation, causing her a sharp pain in her neck and back. (*Id.* ¶¶ 18-19.)

The Court dismissed Plaintiff's original complaint as to Powell. First, the complaint was found to be very vague regarding precisely what constitutional right Plaintiff was invoking. Assuming that Plaintiff was bringing an excessive force claim, the Court found that Plaintiff had not adequately alleged an injury resulting from such alleged excessive force, and dismissed that claim. Further assuming that Plaintiff was also claiming to have been maliciously prosecuted, the Court, noting that there is no free-standing cause of action for malicious prosecution under Fifth Circuit law, found that Plaintiff had not alleged that any other constitutional right had been infringed, and thus dismissed this claim.

Because the only allegations in the complaint pertaining to Ciarletta seemed to regard the malicious prosecution claim, the Court also dismissed the complaint as to Ciarletta.

The Court granted Plaintiff leave to amend her complaint, and she timely filed her Second Amended Original Complaint. (Dkt. No. 18.)

## Applicable Law

**1. Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in her favor. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A court may not look beyond the face of the pleadings to determine whether relief should be granted

based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957) 'no set of facts' standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.*; *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

### 2. Qualified Immunity

The qualified immunity doctrine provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Accordingly, Fifth Circuit courts engage in a two-step process when examining qualified immunity defenses. The first step of the evaluation is whether the plaintiff has alleged a violation of a clearly established constitutional or statutory right. *See Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004). The next step is to determine the reasonableness of the defendant's alleged behavior. *Id.* Claims arising

under section 1983 must establish that the alleged constitutional deprivation was intentional or due to deliberate indifference and not merely the result of negligence. *See Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994); *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992).

**Analysis**

### 1. Equal protection and conspiracy

Plaintiff has clarified that she is bringing an equal protection claim against Powell and Ciarletta, based on her allegation that they refused to investigate claims she made against a neighbor who threatened to kill her, but did investigate claims made by different neighbors against her. Plaintiff couches the claim in the language of conspiracy. Plaintiff's factual allegations, however, undermine her claims. She states that Ciarletta, on July 7, 2007, "refused to investigate the matter consistent with the request made by Plaintiff." (Dkt. No. 18, ¶ 12.) However, she also states that on July 7, 2007, Plaintiff observed Ciarletta leaving the residence of the neighbor against whom she had made the complaint. (*Id.* ¶ 13.) Plaintiff's claim, then, is not supported by the kind of factual allegations that the *Twombly* standard requires. Plaintiff's equal protection claim should be dismissed.

### 2. Excessive force

As stated in the Court's previous Order, the elements of an excessive force claim are that the Plaintiff has suffered "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). Plaintiff has alleged that Powell's shove caused her a sharp pain in her neck and back, and that Powell shoved her without provocation or reason. *Williams* makes clear that "[w]hat constitutes an injury in an excessive force claim is therefore

subjective–it is defined entirely by the context in which the injury arises." *Id.* at 704. In *Williams*, the plaintiff alleged that he was choked, causing him dizziness, loss of breath, and coughing. *Id.* These injuries were held to be sufficient in the circumstances of that case, where the officer allegedly assaulted the plaintiff maliciously, with no legitimate police reason. Here, Plaintiff has alleged that Powell's shove, causing her the aforementioned sharp pain, was motivated purely by anger and frustration on Powell's part, and was unnecessary. As such, the pain Powell allegedly caused Plaintiff rises to the required level, and the Court finds that Plaintiff's excessive force claim should not be dismissed.

### 3. State-law tort claim

Plaintiff has also sued Powell for assault. The defendants have moved to dismiss on the grounds that they are protected by TEX. CIV. PRAC. & REM. CODE § 101.106. That section requires a plaintiff to elect her remedy: she can either sue a governmental unit or an employee for a particular tort, but she cannot sue both. If she attempts to sue both, the complaint will be dismissed as to the employees. Further, while the instant amended complaint only makes claims against employees, Plaintiff's original complaint sued not only Powell and Ciarletta, but also Aransas County. Texas law states that the original complaint is the relevant one for determining what remedy the plaintiff has elected. *Garcia v. City of Harlingen*, 2009 WL 159583, Civ. No. B-06-CV-134, at *12 n.7 (S.D. Tex. Jan. 21, 2009) (quoting *Brown v. Xie*, 260 S.W.3d 118, 122 (Tex. App. 2008)).

However, *Garcia* also makes clear that the Court should not merely look at the caption of the complaint and draw a conclusion. Rather, the Court must determine whether the plaintiff is truly intending to sue both the governmental unit and the employee for the same tort. In this case, the Court dismissed the first complaint as to Aransas County precisely because Plaintiff did not make

any allegations whatsoever against the County, and certainly did not allege that it was responsible for Powell's alleged assault. If anything, it appears that the original complaint attempted to include the County in the conspiracy and malicious prosecution claims, which are distinct from the assault and excessive force allegations. As such, the Court cannot say that Plaintiff attempted to sue both the County and Powell in contravention of section 101.106. Thus, the state-law tort claim should not be dismissed.

### 4. Malicious prosecution

To the extent that Plaintiff attempts to maintain her malicious prosecution claim, her new complaint suffers from the same problem as the original one: she makes no claim that any recognized constitutional right was infringed by the alleged malicious prosecution.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss is GRANTED as to the equal protection conspiracy claim and any malicious prosecution claim against Powell and Ciarletta. The motion is DENIED as to the excessive force and assault claims against Powell.

It is so ORDERED.

Signed this 9th day of December, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE