UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| BEKKAH GEORGENE JONES, | § |
| | § |
| Plaintiff, | § |
| v. | § |
| | §   CIVIL ACTION NO. V-09-33 |
| DEPUTY SHERIFF STAN POWELL, | § |
| | § |
| Defendant. | § |
| | § |

## OPINION & ORDER

Before the Court is Plaintiff Bekkah Georgene Jones' ("Plaintiff") Opposed Motion for Leave to File Plaintiff's Third Amended Original Complaint (Dkt. No. 22), to which Defendant Stan Powell ("Powell") has responded (Dkt. No. 23). After reviewing the motion, response, record, and applicable law, the Court is of the opinion that Plaintiff's motion should be **DENIED**.

### I. Background

This is a 42 U.S.C. § 1983 action originally brought against Aransas County, Texas, Aransas County Sheriff Mark Gilliam, and deputy sheriffs Anthony Ciarletta ("Ciarletta") and Powell. Plaintiff claims that the deputies conspired with her neighbors, Bonnie Jean Lutton ("Lutton") and Harold Benefield ("Benefield"), to trump up false charges of disorderly conduct against her. Plaintiff was eventually tried on those charges and was acquitted. Plaintiff also claims that Powell assaulted her when he came to her house and told her she had to sign two tickets involving the same charges.

The Court dismissed Plaintiff's original complaint as to all defendants, finding that the complaint was very vague regarding precisely what constitutional right Plaintiff was invoking.

1

However, the Court granted Plaintiff leave to amend, and she timely filed her Second Amended Original Complaint, in which she clarified that she is bringing an equal protection claim against Powell and Ciarletta, based on her allegation that they refused to investigate claims she made against a neighbor who threatened to kill her, but did investigate claims made by Lutton and Benefield against her. (Dkt. No. 18.) In response, Powell and Ciarletta again moved to dismiss. (Dkt. No. 19.) The Court granted their request to dismiss Plaintiff's equal protection claim, noting that the claim "is not supported by the kind of factual allegations that the *Twombly* standard requires." (Dkt. No. 21 at 4.) The Court also dismissed Plaintiff's malicious prosecution claim once again, but allowed Plaintiff's Section 1983 excessive force and state law assault claims against Powell to proceed.

Plaintiff now seeks leave of Court to file her Third Amended Original Complaint, in order to name her neighbors Lutton and Benefield as defendants in this case. Plaintiff wishes to bring state law claims against both individuals for defamation and intentional infliction of emotional distress (IIED). Plaintiff also seeks to revive her claim that Powell—as well as Lutton and Benefield—conspired to violate her right to equal protection.

**II. Legal Standard**

The Federal Rules of Civil Procedure set forth a liberal policy in favor of permitting amendment of pleadings, and district courts are not to deny such amendments absent "a substantial reason" to do so. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x. 205, 208—09 (5th Cir. 2006) (unpublished); *see also Caudle Aviation, Inc. v. Hartford Fire Ins. Co.*, Civ. A. No. 06-4653, 2007 WL 60993, at *1 (E.D. La. Jan. 5, 2007) (applying the relevant standards in the context of a motion to amend pleadings to assert counterclaims and third-party claims). Indeed, the Fifth

Circuit has long recognized that the Federal Rules "evince[ ] a bias in favor of granting leave to amend." *Dussouy*, 660 F.2d at 597. Accordingly, while leave to amend "is by no means automatic," *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted), courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a). When determining whether to grant a motion for leave to amend, courts in this circuit may consider several factors, including undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991). The definition of futility adopted by the Fifth Circuit includes circumstances in which a proposed amendment to assert a claim would fail to state a claim upon which relief could be granted under Rule 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872—73 (5th Cir. 2000).

### III. Analysis

After considering the motion, response, record, and applicable law, the Court is of the opinion that Powell has provided a "substantial reason" to justify refusing Plaintiff's request for leave to amend, and the factors set forth by the Fifth Circuit favor denying amendment. *See Jones* 427 F.3d at 994; *Avatar Exploration*, 933 F.2d at 321.

First, the Court finds that allowing Plaintiff to amend her complaint would cause undue delay, as the Court-ordered deadline for joining new parties was September 18, 2009—roughly six months before Plaintiff filed the present motion—and she has not established good cause for her delay. Next, the Court finds that Plaintiff has repeatedly failed to cure deficiencies in her complaint. Specifically, Plaintiff has been given numerous opportunities to amend her complaint

to add Lutton and Benefield as defendants, but Plaintiff failed to do so. Moreover, Plaintiff has again failed to replead her equal protection claim with the type of specificity *Twombly* requires.

Finally, Plaintiff has already sued Lutton and Benefield for libel/ slander and IIED in a suit presently pending in the 36th Judicial District Court, Aransas County, Texas, Cause No. A-08-0093-CV-C(A), styled *Bekkah Jones v. Bonnie Jean Lutton and Harold Benefeld*. To allow Plaintiff to assert state law claims against Lutton and Benefield for defamation and IIED in this Court would be "'uneconomical as well as vexatious . . . where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)).

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to File Plaintiff's Third Amended Original Complaint (Dkt. No. 22) is **DENIED**.

It is so **ORDERED**.

Signed this 27th day of April, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE