UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **BEKKAH GEORGENE JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-09-33** |
| | § | |
| **DEPUTY SHERIFF STAN POWELL,** | § | |
| | § | |
| **Defendant.** | § | |

## OPINION & ORDER

Before the Court is Plaintiff Bekkah Georgene Jones' ("Plaintiff") Opposed Motion for Leave to File Late Plaintiff's Designation of Expert Witnesses (Dkt. No. 26), to which Defendant Stan Powell ("Defendant") has responded (Dkt. No. 27). After reviewing the motion, response, record, and applicable law, the Court is of the opinion that Plaintiff's motion should be **GRANTED** in part and **DENIED** in part.

### I. Background

In this 42 U.S.C. § 1983 civil rights action, Plaintiff claims that Defendant, a deputy sheriff with the Aransas County Sheriff's Department, conspired with her neighbors to trump up false charges of disorderly conduct against her. Plaintiff was eventually tried on those charges and was acquitted. Plaintiff also claims that Defendant assaulted her when he came to her house and told her she had to sign two tickets involving the same charges. As a result of Defendant's conduct, Plaintiff alleges that she has suffered, among other things, humiliation, embarrassment, and mental anguish.

### II. Plaintiff's Motion for Leave to File Late Plaintiff's Designation of Expert Witnesses

Plaintiff now seeks leave of Court to designate Mr. Charles Smith, Dr. John Hopper, and Dr. Paul Hamilton as expert witnesses. Plaintiff states that Mr. Smith, who is the attorney

representing her in this case, may provide expert testimony regarding the reasonableness and necessity of his attorney's fees; Dr. Hopper, who is a counselor, "will testify as to the injuries and psychological impact [ ] Plaintiff sustained;" and Dr. Hamilton, who is a psychologist, "will testify about his examination of Plaintiff and his evaluation of her psychological health relative to the injury she sustained by Sergeant Powell." (Dkt. No. 26, Ex. A at 1.)

Although Plaintiff's deadline for the designation of expert witnesses was May 7, 2010, Plaintiff states that, "following Plaintiff's deposition June 28, 2010, it has been determined that at least two of Plaintiff's medical providers should be designated as non-retained experts." (Dkt. No. 26 at 2.) Plaintiff further claims that her "delay in making this designation was not intentional[,] but the result of an ongoing effort to secure appropriate information from Plaintiff regarding her physical injury and psychological injury from the assault by Sergeant Powell." (*Id.*)

Defendant opposes Plaintiff's motion on the grounds that Plaintiff has failed to offer any explanation for her failure to designate experts in a timely manner, and he argues that he will be severely prejudiced if the Court grants Plaintiff leave to designate these individuals as expert witnesses this close to the discovery deadline. Defendant further complains that although Plaintiff admits to have been treated by both Drs. Hopper and Hamilton prior to the events giving rise to this litigation, she has produced only a portion of her medical records from Dr. Hamilton and has failed to produce any documents from Dr. Hopper.  Likewise, Plaintiff seeks to designate her attorney as an expert on attorney's fees, but has failed to respond to Defendant's requests for production related to attorney's fees.

### III. Legal Standard

Federal Rule of Civil Procedure 6(b) provides that the Court may, for good cause, extend a deadline "on motion made after the time has expired if the party failed to act because of

excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The Supreme Court has established four factors to consider when determining whether a party's actions constitute excusable neglect, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). However, "[e]ven if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 2010 WL 1752037, *1 (5th Cir. 2010) (*citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894—98 (1990)).

**IV. Analysis**

    **A. Mr. Smith**

In any action to enforce § 1983, the Court may allow the prevailing party to recover its attorney's fees as part of its costs. 42 U.S.C. § 1988. As such, Plaintiff seeks leave to designate Mr. Smith as an expert concerning the reasonableness and necessity of her attorney's fees in the event that she prevails in this matter. Although it was clearly within Plaintiff's reasonable control to name Mr. Smith as an expert in a timely manner, she offers no explanation for her delay. Nonetheless, because attorney's fees are a matter for the Court to decide following trial, allowing Plaintiff to designate Mr. Smith as an expert on attorney's fees will not delay the October trial setting or otherwise impact these proceedings. Moreover, the Court does not foresee any danger of prejudice to Defendant, as he will have adequate opportunity to review Mr. Smith's report.

    **B. Drs. Hamilton and Hopper**

The Court need not consider whether Plaintiff's failure to designate her treating physicians as expert witnesses in a timely manner was excusable because both men are precluded

from testifying as experts in this case, but instead must be treated as ordinary fact witnesses. Citing *Young v. U.S.*, 181 F.R.D. 344 (W.D. Tex. 1997), Plaintiff states that "both Dr. Hamilton and Dr. Hopper will be testifying experts, although not retained or employed to provide testimony for the instant case[,] . . . they have firsthand factual knowledge about the case." (Dkt. No. 26 at 2.) However, the *Young* court found that physician witnesses may not be treated as "experts" if they acquired knowledge of the case by direct observation, not later consultation. As the court explained, "As applied to the medical profession . . . a treating physician generally must be considered an ordinary fact witness, and should not be considered an expert unless the physician has been *specifically retained* to develop an expert opinion. *Young*, 181 F.R.D. at 346 (emphasis in original) (citing *Salas v. United States,* 165 F.R.D. 31, 33 (W.D.N.Y. 1995); *Mangla v. University of Rochester,* 168 F.R.D. 137 (W.D.N.Y. 1996); *Baker v. Taco Bell Corp.,* 163 F.R.D. 348 (D. Colo.1995)). The *Young* court then ordered the designation of the physician witnesses as experts stricken because they had not been specifically retained to develop expert opinions, as neither the plaintiffs nor the defendant has paid them to become experts for purposes of that litigation. *Id.*

> Likewise, the District Court for the Western District of New York recognized:
>
> Treating physicians . . . testifying to their personal consultation with a patient are not considered expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4)(C). . . . A treating physician's testimony [ ] is based on the physician's personal knowledge of the examination, diagnosis and treatment of a patient and not from information acquired from outside sources. . . . [M]erely because treating physicians may be asked at a deposition to offer opinions based on their examination of a patient, "does not mean that treating physicians do not have an opinion as to the cause of an injury based upon their examination of the patient or to the degree of injury in the future. These opinions are a necessary part of the treatment of the patient. Such opinions do not make the treating physicians experts."

*Mangla v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996) (citing *Baker*, 163 F.R.D. at 349 (holding that two doctors who treated an accident victim were ordinary witnesses testifying as to their personal treatment of the patient)). *See also Salas*, 165 F.R.D. at 33 (holding

4

that five doctors called to testify regarding their treatment and "opinions with respect to the injuries or illnesses sustained as they causally relate to this incident and his/her opinion as to permanency" were not subject to FED. R. CIV. P. 26.

Because Drs. Hamilton and Hopper were not specifically retained to develop an opinion in this case, but instead have firsthand factual knowledge based on their treatment of Plaintiff, they will be considered ordinary fact witnesses and not expert witnesses. As such, their testimony shall be limited to matters related to their examination and treatment of Plaintiff, and "facts and opinions they have are freely discoverable as with any ordinary witness." 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2029, at 250—51 (1970).

## IV. Conclusion

For the foregoing reasons, Plaintiff's request for leave to designate Mr. Smith is an expert is **GRANTED**, and Plaintiff's request for leave to designate Drs. Hamilton and Hopper as experts is **DENIED**. Plaintiff's Motion for Leave to File Late Plaintiff's Designation of Expert Witnesses (Dkt. No. 26) is therefore **GRANTED** in part and **DENIED** in part.

It is so **ORDERED**.

Signed this 29th day of September, 2010.

                                                         _____
                                                         JOHN D. RAINEY
                                                         SENIOR U. S. DISTRICT JUDGE